**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAUREEN DEANES, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO. |
| | _____ |
| CITY OF COLLEGE PARK, GEORGIA, and ALTHEA PHILORD-BRADLEY, in her individual capacity, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Maureen Deanes ("Plaintiff" or "Deanes"), by and through the undersigned Counsel of Record, and hereby files this Complaint for Damages against Defendants City of College Park, Georgia, ( "College Park") and Althea Philord-Bradley ("Philord-Bradley") (*collectively*, "Defendants"), respectfully showing the Court as follows:

## JURISDICTION AND VENUE

1.

The above-captioned case is commenced pursuant to (1) the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601, *et seq.,* ("FMLA")

Page 1 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

for interference and retaliation and (2) laws of the State of Georgia for intentional infliction of emotional distress, as well as negligent retention and supervision.

2.

This United States District Court for the Northern District of Georgia ("Court") is vested with original jurisdiction over Deanes' claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Deanes' State law claims, which arise from the same nucleus of operative facts as the FMLA claims, pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b) as Defendants reside and maintain a place of business in this District and Division, as well as the unlawful conduct complained of herein occurred in this District and Division.

**PARTIES**

4.

Deanes is a citizen of the United States, resident of the State of Georgia, subject to the Court's jurisdiction, and is entitled to bring actions of this nature and type.

Page 2 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

5.

At all times relevant to this action, Deanes was an "employee" of Defendant College Park within the meaning of, *inter alia*, the FMLA.

6.

Defendant College Park is a municipal corporation affecting inter-state commerce and subject to the jurisdiction of the Court.

7.

College Park is a political subdivision of the State of Georgia with a principal place of business located at 3667 Main Street, College Park, Georgia 30337.

8.

College Park may be served by delivering process to its address at 3667 Main Street, College Park, Georgia 30337.

9.

College Park is an "employer" within the meaning of, *inter alia*, the FMLA engaging in inter-state commerce and employing more than fifty (50) persons for each working day in each of twenty (20) calendar weeks in the current or preceding calendar year.

Page 3 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

10.

Defendant Philord-Bradley is and was, at all times relevant to this action, a citizen of the United States, resident of the State of Georgia, and subject to the jurisdiction of this Court.

11.

At all times relevant to this action, Philord-Bradley was an employee of College Park and Finance Director responsible for, *inter alia*, supervising financial staff, overseeing internal controls, establishing financial targets, implementing fund-raising strategies, developing financial strategy, and other duties associated with the operation of College Park, including, but not limited to, undertaking and/or recommending tangible employment actions for College Park, such as the unlawful conduct alleged herein.

12.

Philord-Bradley may be served with process at College Park located at 3667 Main Street, College Park, Georgia 30337.

## **STATEMENT OF FACTS**

13.

Deanes re-alleges and incorporates herein, by reference, each of the foregoing Paragraphs as if fully restated herein.

Page 4 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

14.

Deanes is a fifty-five (55) year-old African-American female who was employed by College Park as an Accounting Assistant from October 16, 2017, until Deanes' employment was terminated on January 4, 2021.

15.

Deanes obtained a Bachelor's degree of Science in Business Administration from Everest College Phoenix-Tempe in 2011.

16.

Deanes has more than twenty (20) years' work experience in the areas of business administration, accounting, and finance. Prior to working for College Park, Deanes served as Accountant for Georgia Bureau of Investigation Officer and Manager for Cosh Healthcare, Ltd.

17.

At all times relevant to this action, Philord Bradley was the Director of College Park's Finance department where Deanes was employed.

18.

During the course of employment with College Park, Deanes diligently performed all professional duties and responsibilities.

Page 5 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

19.

Deanes' FMLA intermitted leave started effective from November 23, 2020 to February 15, 2021.

20.

From December 7 to 14, 2020, Deanes went on an approved FMLA leave to take care of her son Mr. Earlie Marsh ("Marsh"), who had surgery in Texas.

21.

Because Philord-Bradley appeared extremely upset when Deanes' requested FMLA leave, Deanes took a College Park laptop, so Deanes could work, if necessary, while on FMLA leave.

22.

On December 9, 2020 – the third day of her FMLA leave – Philord-Bradley called Deanes to discuss Deanes' location.  When Deanes disclosed that she was in Texas attending to Marsh's recovery, Philord-Bradley responded that Deanes' laptop indicated that Deanes was in Miami, Florida.   Philord-Bradley then demanded that Deanes not sign-in on the College Park laptop until further notice.

23.

Ten minutes after Deanes missed a call from Philord-Bradley while caring for Marsh, Philord-Bradley sent Deanes text messages, falsely claiming that

Page 6 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

Deanes was lying about Deanes' location and stating that, if Deanes wanted a vacation, Deanes should have just told Philord-Bradley and utilized sick leave.

24.

On December 10, 2020, Philord-Bradley sent Deanes a text message, instructing Deanes to bring the College Park laptop to the IT department when Deanes returned from FMLA leave.

25.

When Deanes returned from FMLA leave on December 14, 2020, Deanes met with Philord-Bradley and Deanes' supervisor, Rhonda Naadueba ("Naadueba"). During the meeting, Philord-Bradley harassed Deanes again by stating, "Why did you lie? The laptop showed you were in Florida. Just tell the truth."  Nevertheless, Deanes confirmed again that Deanes was in Texas taking care of her son Marsh.

26.

On December 14, 2020, Deanes also submitted the College Park laptop to College Park IT Department staff Mr. Robert Givon as requested by Philord-Bradley, and Deanes' cellphone was confiscated by Philord-Bradley, preventing Deanes from working remotely.

Page 7 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

27.

On December 16, 2020, the College Park IT Department staff Mr. Mike Hicks ("Hicks") asked Deanes if Deanes was in Texas. After Deanes confirmed that she was in Texas, Hicks advised Deanes that the College Park laptop utilized by Deanes had been hacked.

28.

In retaliation for Deanes' taking FMLA leave, Philord-Bradley harassed Deanes on a daily basis.  For example, Philord-Bradley repeatedly asked whether Deanes was in Texas on FMLA leave.  Additionally, Philord-Bradley repeatedly stated that she was giving Deanes another chance to tell the "truth" and threatened to escalate the issue to HR if Deanes did not tell the "truth."  Moreover, Philord-Bradley instructed Deanes to return additional College Park equipment, such as the charger and earpiece for College Park phone Deanes utilized.

29.

On January 4, 2021—six (6) weeks before Deanes' FMLA intermitted leave expired—Deanes' employment was terminated by Philord-Bradley based upon the false accusation that Deanes was deliberately dishonest and refused to discuss Deanes' real location while on FMLA leave and, thus, College Park had great concerns about Deanes' integrity.

Page 8 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

30.

On January 21, 2021, Deanes, Philord-Bradley, Mercedes Miller (College Park's City Manager) ("Miller"), and Dwight Baker (College Park's HR Director) ("Baker") attended a hearing regarding Deanes' termination of employment. During the hearing, Philord-Bradley stated that Deanes' employment was terminated because Deanes lied about Deanes' location while on FMLA leave as Deanes' College Park laptop and cellphone both indicated that Deanes was in Miami, Florida but not Texas on December 7 and 8, 2020. Philord-Bradley also admitted that Philord-Bradley called Deanes a "liar" and asked Deanes to return the College Park laptop and cellphone. Miller and Baker then asked for Deanes' response to Philord-Bradley's accusations, and Deanes confirmed again that Deanes was in Texas while on FMLA leave. At the conclusion of the hearing, Philord-Bradley, Miller, and Baker asked Deanes to submit, within fifteen (15) days, receipts to prove Deanes was in Texas while on an approved FMLA leave.

31.

As a result, Deanes has suffered, among other things, lost income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits.

Page 9 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

32.

Prior to commencing the above-captioned case, Deanes sent College Park an ante litem notice in accordance with O.C.G.A. § 36-33-5. Specifically, on January 26, 2021, Deanes sent Miller and Baker a written Demand Letter, stating, *inter alia*, the time, place and extent of Deanes' injuries.  On March 2, 2021, Michael Huening, College Park's City Attorney, responded to the Demand Letter and stated that College Park denied all liability for the actions alleged in the Demand Letter.

**COUNT I**
**INTERFEERNCE**
**IN VIOLATION OF THE FMLA**
**(Against Defendants College Park and Philord-Bradley)**

33.

Deanes re-alleges and incorporates, by reference, each of the foregoing Paragraphs as if fully restated herein.

34.

The FMLA prohibits employers from interfering with employees' exercises of rights under FMLA, 29 U.S.C. § 2615.

Page 10 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

35.

At all times relevant to this action, College Park was an "employer" covered by the FMLA pursuant to 29 U.S.C. §§ 2601 *et seq.,* and Deanes was an "eligible employee" as defined under the FMLA, 29 U.S.C. §2611(2).

36.

At all times relevant to this action, College Park acted by and through its agents and employees, including, but not limited to, Philord-Bradley, each of whom acted in the course and scope of their employment with and for College Park.

37.

At all times relevant to this action, Defendant Philord-Bradley was College Park's employee and College Park's Finance Director who involved in the day-to-day operations of College Park.

38.

Deanes had an "entitlement to leave" as defined by the FMLA, 29 U.S.C. § 2612(a)(1) when Deanes was required to take care of her son Marsh after he had surgery in Texas.

39.

Deanes satisfied all other FMLA prerequisites.

Page 11 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

40.

Defendants violated the FMLA by interfering with Deanes' rights when Defendants, while Deanes was on an approved FMLA leave, repeatedly harassing Deanes by questioning Deanes' location on a daily basis, falsely claiming that Deanes lied about Deanes' location and calling Deanes a "liar", forbidding Deanes from utilizing Deanes' work laptop, instructing Deanes to bring the College Park laptop to the IT department when returning from FMLA leave, and eventually terminating Deanes' employment six weeks before Deanes' FMLA intermitted leave expired without justification.  Due to such interference, Deanes was unable to exercise her full rights under FMLA in a meaningful way.

41.

As a direct and proximate result of the above-described actions, Defendants have deprived Deanes of an employment benefit.

42.

Additionally, Deanes has suffered and continues to suffer loss income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits. Deanes has also suffered humiliation, emotional pain, mental distress, inconveniences, and mental anguish.

Page 12 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

43.

Defendants' interference actions were willful, deliberate, and intended to cause Deanes harm and/or were committed with reckless disregard of harm caused to Deanes, and in derogation of Deanes' Federally-protected rights.

44.

As a result, Deanes is entitled to both equitable and monetary relief for Defendants' violation of the FMLA, including, but not limited to, back pay, front pay or reinstatements, attorney's fees, and costs of litigation.

45.

Deanes is also entitled to liquidated damages for Defendants' violation of Deanes' rights under the FMLA because Defendants' actions were willful violations of the FMLA.

## COUNT II
## RETALIATION
## IN VIOLATION OF THE FMLA
## (Against Defendants College Park and Philord-Bradley)

46.

Deanes re-alleges and incorporates by reference each of the foregoing Paragraphs as if fully restated herein.

Page 13 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

47.

The FMLA prohibits employers from retaliating against employees who exercise or attempt to exercise rights under the FMLA.

48.

At all times relevant to this action, the relationship between Deanes and College Park was an employer-employee relationship within the meaning of the FMLA, such that a cause of action exists where retaliation for invoking a right under the FMLA is alleged to be the cause of an action directed to the employee by the employer.

49.

At all times relevant to this action, College Park was an "employer" covered by the FMLA pursuant to 29 U.S.C. §§ 2601 *et seq.,* and Deanes was an "eligible employee" as defined under the FMLA, 29 U.S.C. §2611(2).

50.

At all times relevant to this action, College Park acted by and through its agents and employees, including, but not limited to, Philord-Bradley, each of whom acted in the course and scope of their employment with and for College Park.

Page 14 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

51.

At all times relevant to this action, Defendant Philord-Bradley was College Park's employee and College Park's Finance Director who involved in the day-to-day operations of College Park.

52.

Deanes had an "entitlement to leave" as defined by the FMLA, 29 U.S.C. § 2612(a)(1) when Deanes was required to take care of her son Marsh after he had surgery in Texas.

53.

Defendants retaliated against Deanes for exercising her rights to take medical leave, as provided by the FMLA. During Deanes' FMLA leave, Defendants repeatedly harassed Deanes by questioning Deanes' location on a daily basis, falsely claiming that Deanes lied about Deanes' location and calling Deanes a "liar", forbidding Deanes from utilizing Deanes' work laptop, instructing Deanes to bring the College Park laptop to the IT department when returning from FMLA leave. In addition, immediately after Deanes returned from FMLA leave, Defendant Philord-Bradley continuously harassed Deanes by repeatedly questioning Deanes' location while on FMLA leave, stating that Philord-Bradley was giving Deanes another chance to tell the "truth" and threatening to escalate the

Page 15 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

issue to HR if Deanes did not tell the "truth", confiscating Deanes' College Park cellphone and instructing Deanes to return additional College Park equipment, such as the charger and earpiece for College Park phone Deanes utilized, eventually terminating Deanes' employment without justification six weeks before Deanes' FMLA intermittent leave expired, and requiring Deanes to provide evidence showing Deanes' location on an approved FMLA leave during the hearing regarding Deanes' termination of employment.

54.

As a direct and proximate result of the above-described conduct, Defendants have deprived Deanes of an employment position. Additionally, Deanes has suffered and continues to suffer loss income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits. Deanes has also suffered humiliation, emotional pain, mental distress, inconveniences, and mental anguish.

55.

Defendants' adverse employment actions against Deanes constitute unlawful retaliation against Deanes in violation of the FMLA.

Page 16 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

56.

Defendants' retaliatory actions were willful, deliberate, and intended to cause Deanes harm and/or were committed with reckless disregard of the harm caused to Deanes in derogation of Deanes' Federally-protected rights.

57.

As a result, Deanes is entitled to both equitable and monetary relief for Defendants' violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (b) – including, but not limited to, back pay, front pay or reinstatements, attorney's fees, and costs of litigation.

58.

Deanes is also entitled to liquidated damages for Defendants' violation of Deanes' right under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendants' actions were willful violations of the FMLA.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants College Park and Philord-Bradley)

59.

Deanes re-alleges and incorporates by reference each of the foregoing Paragraphs as if fully restated herein.

Page 17 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

60.

Defendants' statements, conduct, and behavior towards Deanes were intentional and reckless, extreme and outrageous, causing Deanes severe shame, humiliation, embarrassment, and emotional distress of a nature that no person should endure.

61.

Defendants' statements, conduct, and behavior towards Deanes demonstrate, among other things, a "retaliatory animus."

62.

At all relevant times, the Parties had a special, employer-employee relationship, wherein Defendants had control over Deanes and Deanes' income, livelihood, and/or healthcare during Deanes' employment with College Park.

63.

When engaging in the intentional, reckless, extreme, and outrageous conduct towards Deanes, Defendants knew that Deanes went on an approved FMLA leave to attend her son Marsh's recovery after surgery in Texas.

64.

Defendants interfered with Deanes' exercise of rights under FMLA and retaliated against Deanes due to Deanes' exercise of rights under FMLA. During

Page 18 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

Deanes' FMLA leave, Defendants repeatedly harassed Deanes by questioning Deanes' location on a daily basis, falsely claiming that Deanes lied about Deanes' location and calling Deanes a "liar", forbidding Deanes from utilizing Deanes' work laptop, instructing Deanes to bring the College Park laptop to the IT department when returning from FMLA leave. In addition, immediately after Deanes returned from FMLA leave, Defendant Philord-Bradley continuously harassed Deanes by repeatedly questioning Deanes' location while on FMLA leave, stating that Philord-Bradley was giving Deanes another chance to tell the "truth" and threatening to escalate the issue to HR if Deanes did not tell the "truth", confiscating Deanes' College Park cellphone and instructing Deanes to return additional College Park equipment, such as the charger and earpiece for College Park phone Deanes utilized, eventually terminating Deanes' employment without justification six weeks before Deanes' FMLA intermitted leave expired, and requiring Deanes to provide evidence showing Deanes' location on an approved FMLA leave during the hearing regarding Deanes' termination of employment.

65.

Defendants knew or should have known that such conduct would result in the severe emotional distress suffered by Deanes.

Page 19 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

66.

As a result of Defendants' conduct, Deanes has and will continue to suffer severe emotional distress and other damages for which Deanes is entitled to recover.

## COUNT IV
## NEGLIGENT RETENTION AND SUPERVISION
## IN VIOLATION OF GEORGIA LAW
## (Against Defendant College Park)

67.

Deanes re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

68.

As a result of the actions taken by Defendant Philord-Bradley, Deanes suffered, among other things, interference with Deanes' exercise of rights under FMLA and retaliation due to Deanes' exercise of rights under FMLA.

69.

Defendant College Park owed Deanes a duty to hire, retain, and supervise employees who would lawfully conduct themselves and not engage in interference, retaliatory, discriminatory, or tortious conduct.

Page 20 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

70.

By negligently retaining and supervising its employees, including, but not limited to, Philord-Bradley, Defendant College Park breached its duty to hire, retain, and supervise an employee who would not discriminate against employees in protected classes.

71.

Defendant College Park knew or, in the exercise of ordinary diligence, should have known of the propensity of its employees, to engage in unlawful conduct against Deanes.

72.

Additionally, by failing to engage in any corrective or remedial action, Defendant College Park ratified, condoned, and/or adopted its employees' unlawful conduct.

73.

As a direct and proximate result of the College Park's negligent retention and supervision of employees, as well as the failure to take any remedial or corrective action with respect to the known unlawful actions taken by College Park's employees, including, but not limited to, Philord-Bradley, Deanes suffered damages.

Page 21 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

74.

Defendant's College Park's negligent conduct entitles Deanes to compensatory damages, as well as any and all other remedies available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1) Grant Plaintiff's a trial by jury as to all triable issues of fact;

2) Grant declaratory judgement that Plaintiff's rights under FMLA and Georgia laws were violated;

3) Grant an injunction prohibiting Defendants from engaging in such unlawful conduct in the future;

4) Award compensatory damages in an amount to be determined by a jury;

5) Award appropriate back pay, including, but not limited to, reimbursement for lost income, bonuses, pension, social security, and other benefits in an amount proven at trial;

6) Award liquidated damages to back pay and benefits based upon Defendants' willful violations of the FMLA and Georgia Laws;

7) Award punitive damages in an amount commensurate with the harm done and calculated to be sufficient to deter such future conduct;

Page 22 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

8)  Award pre-judgment interest on any monetary award;

9)  Award Plaintiff's attorneys' fees, costs, and disbursements; and

10)    Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted, this 5th day of April, 2021.

**MOLDEN & ASSOCIATES**

 */s/  Regina S. Molden*
REGINA S. MOLDEN
Georgia Bar. No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
YIYING ZHANG
Georgia Bar. No. 798231
Peachtree Center – Harris Tower
233 Peachtree St., N.E., Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenlaw.com
Email: topearson@moldenlaw.com
Email: azhang@moldenlaw.com

*Counsel for Plaintiff Maureen Deanes*

Page 23 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAUREEN DEANES, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO. |
| CITY OF COLLEGE PARK, GEORGIA, and ALTHEA PHILORD-BRADLEY, in her individual capacity, | _____ **JURY TRIAL DEMANDED** |
| Defendants. | |

## LOCAL RULE AND SERVICE CERTIFICATION

The undersigned certifies that this document has been prepared with a font and point selections approved by the Court in Local Rule 5.1(B) and that the foregoing **Complaint for Damages** has been filed with the Clerk using the CM/ECF system which will notify to the attorney(s) of record.

Respectfully submitted, this 5th day of April, 2021.

MOLDEN & ASSOCIATES

 _/s/  Regina S. Molden_
Regina S. Molden
Georgia Bar. No. 515454

Page 24 of 24
Deanes v. City of College Park, Georgia, and Philord-Bradley,
United States District for the Northern District of Georgia, Complaint for Damages